No. 79.—THE STATE OF LOUISIANA ex rel. R. C. DOWNES *v.* E. B.
TOWNE.

Section seven of act number thirty-nine of 1868, entitled "an act to ascertain the eligibility of
persons elected or appointed to office and to declare offices vac..nt," etc., is unconstitu-
tional and void.

A judge of a court or other constitutional officer of the State may be removed from office by
impeachment, by address of the Legislature, or by proceedings under the intrusion act,
if it be judicially ascertained that he is disqualified by the constitution of this State or the
United States. He cannot be removed from office by an act of the Legislature, nor has
the Legislature the power to pass an act authorizing or instructing the Governor to declare
an office vacant which is created by the constitution.

The appointment and commissioning by the Governor of a party to an office which has been
legally filled, without the vacancy being first declared according to law, is an absolute
nullity.

APPEAL from the Thirteenth Judicial District Court, parish of
Madison. *Hough,* J. *Gray & Egan,* for relator, appellee.
*Stubbs & Cobb,* for defendant and appellant.

WYLY, J. At the April elections of 1868, the relator, Richard
Charles Downes, was elected parish judge of the parish of Madison,
and received his certificate of election on first July, 1868, from R. C.
Buchanan, then commanding the Fifth Military District. On fourteenth
July, 1868, he received his commission from the Governor of this State,
and on the same day took the oath of office prescribed by the Consti-
tution of 1868, and entered on the duties of his office.

On twenty-fourth April, 1869, the defendant, E. B. Towne, was
appointed by the Governor and commissioned to the same office, then
administered by the relator, Downes, taking the oath required by the
constitution and laws. He also attempted to discharge the duties of
the office of parish judge, when the relator, R. C. Downes, and the
district attorney instituted this proceeding against him under the act
of eighth September, 1868, amended by act fifteenth October, of the
same year, providing a remedy against usurpation, intrusion into, or *the
unlawful holding* or exercising a public office or franchise in the State.
(Acts of 1863, p. 71 and 199.)

The defendant, E. B. Towne, denied that he had usurped, intruded
into or unlawfully held the office of parish judge, but claimed to exer-
cise the functions of said office by virtue of his appointment and
commission from the Governor, under the seal of the State. He
charged that the relator, Richard Charles Downes, is himself a
usurper, intruder, and unlawfully holds the office of parish judge
because he failed to comply with the provisions of act number thirty-
nine, commonly known as the "Eligibility Act," passed in September,
1868, which prescribes an oath to test the eligibility of those elected or
appointed to office or already in office. The seventh section of said
act provides "that in case commissions have been issued to any
person or persons elected or appointed to office before the passage of
this act, or if any person has been sworn in, or entered on the discharge
of the duties of any office which does not require a commission, all
such persons shall take the oath required by section three of this act,

and file the same in the office of the Secretary of State *within thirty days* after the promulgation of this act, and in the event of their failing to do so, the Governor shall declare such persons ineligible to office and their offices vacant, and the offices shall be filled as prescribed by the constitution and laws of this State." Act 1868 p. 46. The defendant alleged that the relator, Downes, failed to take the oath and file it in the office of the Secretary of State, as required by sections three and and seven, and that the office became thereby vacant and he was duly appointed thereto.

He also alleged that Downes is precluded from holding said office by the fourteenth amendment to the constitution of the United States, he having been parish judge and member of the State Legislature prior to the rebellion and afterwards aided and assisted therein.

The court below gave judgment in favor of the relator, quieting him in the exercise and possession of the office of parish judge of the parish of Madison, and decreeing the appointment of the defendant, E. B. Towne, to be void, and excluding him from said office.

The defendant has appealed.

The relator contends that he took the oath of eligibility within the thirty days, but did not file it in the office of the Secretary of State—that the provisions of said act requiring him to do so is unconstitutional. He also contends that he is not disqualified from holding office by the fourteenth amendment of the constitution of the United States, never having aided in the rebellion.

The validity of the appointment of Towne depends on the fact whether there was a vacancy in the office of parish judge of the parish of Madison. If there was no vacancy there could be no valid appointment.

Downes was duly elected, commissioned and qualified, and was performing the duties of the office at the time and before the passage of the Eligibility Act, and also when the defendant, Towne, was appointed by the Governor.

Holding a constitutional office he could be removed by impeachment or address of the Legislature, or by proceedings under the act commonly known as the "Intrusion Act," if it should be judicially ascertained that he is disqualified by the constitution of this State or of the United States.

Until it be determined by a judicial proceeding contradictorily with him that he is disqualified under the fourteenth amendment of the constitution there is no vacancy. If he be not disqualified under the paramount law of the land to hold the office he cannot be removed in any other manner than that indicated in the constitution. His disqualification under the fourteenth amendment can only be determined judicially. The Legislature cannot authorize the Chief Magistrate of the State to decide the question.

To decide whether the relator, Downes, is disqualified or not to hold office under the fourteenth amendment of the constitution of the United States, is purely a judicial question. The seventy-third article of the constitution provides that "the judicial power shall be vested in a Supreme Court, in District Courts, in Parish Courts and in Justices of the Peace." We are of the opinion that the Governor could not legally and constitutionally appoint the defendant, E. B. Towne, to the office of parish judge until the incumbent, Richard Charles Downes, was removed by impeachment or address of the Legislature, or until his disqualification was determined by the court.

The evidence in this case fails to establish conclusively that Downes is disqualified under the fourteenth amendment of the constitution of the United States. Failure to take the oath testing his eligibility and to file it in the office of the Secretary of State in the time limited in act number thirty-nine did not *ipso facto* destitute him of office. It was not in the power of the Legislature to legislate him out of office or to diminish or increase his term of office as fixed in the constitution. They could not authorize the Governor to deem his office vacant on failing to file the test oath, and appoint and commission the defendant, E. B. Towne. We regard the seventh section of the act number thirty-nine, commonly known as the "Eligibility Act," as unconstitutional and void.

It is therefore ordered, adjudged and decreed that the judgment of the court below be affirmed with costs.